# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4829 | **DATE** | 12/8/2000 |
| **CASE TITLE** | US vs. Scott Seehausen (98 CR 511-1) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Seehausen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or correct Sentence. All matters in controversy having been resolved, final judgment is hereby entered denying Seehausen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or correct Sentence, and judgment is entered in favor of the United States of America and against defendant Scott Seehausen on all claims. Ruling set for December 14, 2000 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | DEC 11 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| SCT | courtroom deputy's initials | 00 DEC -8 PM 4:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 00 C 4829 |
| vs. | ) | |
| | ) | 98 CR 511 |
| SCOTT SEEHAUSEN, | ) | |
| Defendant. | ) | |

DOCKETED
DEC 1 1 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

### INTRODUCTION

Before the Court is Scott C. Seehausen's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the following reasons, we deny the motion.

### BACKGROUND

On October 29, 1998, Scott C. Seehausen ("Seehausen") pled guilty to one count of mail fraud. The charge arose from Seehausen's communications with Dell Computer Company ("Dell") in Austin, Texas. Between December 1997 and May 1998, Seehausen made numerous telephone calls to Dell to order computer equipment for himself. In order to acquire creditworthiness, he represented himself to be associated and employed by Seehausen, Inc. when in fact he was not. Over the course of several months, Seehausen

ordered approximately $331,000 worth of computers and computer-related equipment for which he had no intent to pay.

Following his guilty plea, Seehausen was arrested on January 15, 1999, on additional charges related to schemes to defraud other computer companies. These developments spurred Seehausen to enter a superseding plea agreement. Two new schemes -- one against Gateway Computer Co. and one against Micron -- were "wrapped into" the superseding agreement. In the superseding agreement, Seehausen stipulated that his additional criminal conduct both before and after the October 1998 guilty plea constituted additional offenses.

Because Seehausen was now pleading guilty to two counts rather than one, the maximum penalty he faced was five years' incarceration on each count for a total of ten years. In addition, he confronted a maximum fine of $250,000 per count for a total of $500,000. The government agreed not to ask this Court to impose a sentence above the maximum provided by the Federal Sentencing Guidelines.

This Court accepted Seehausen's superseding plea of guilt on June 21, 1999. During the proceedings, this Court confirmed that Seehausen had not been threatened or coerced into lodging a guilty plea. The Court asked Seehausen, "Is anyone threatening you or forcing you to plead guilty in this case?" Seehausen replied, "No." The Court also inquired, "Are you pleading guilty of your own free will?" Seehausen responded, "Yes." Furthermore, the written plea agreement signed by Seehausen and his attorney stated that "Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor

agreements reached, other than those set forth in this Areement, to cause defendant to plead guilty."

## DISCUSSION

Seehausen now challenges his sentence pursuant to 28 U.S.C. § 2255 on two grounds. He asserts that his counsel was ineffective and that his sentence violates constitutional standards set forth in the recent United States Supreme Court case <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (U.S. 2000).

1. Ineffective Assistance of Counsel Claim

Seehausen contends that his counsel was ineffective because counsel conveyed threats from the Assistant United States Attorney that coerced Seehausen into signing the plea agreement. Claimants bear a heavy burden in stating winning claims of ineffective assistance of counsel. See <u>United States v. Trevino</u>, 60 F.3d 333, 338 (7th Cir. 1995). In order to prevail, the claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced his defense that it deprived him of a fair trial. See <u>Strickland v. Washington</u>, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The centerpiece of Seehausen's ineffective assistance of counsel claim is his attorney's alleged "threat." According to Seehausen, counsel told him that

> if Petitioner did not agree to the Government's terms, the U.S. Attorney would obtain another indictment against Petitioner, would force Petitioner to endure another grueling Government prosecution, and that the Government would in

fact win at trial against Petitioner, causing Petitioner to be subjected to a mind boggling twenty or more year prison sentence.

(Pet. Brief at 4.) Seehausen argues that his counsel coerced him into signing the superseding plea agreement by asserting this threat.

Even if these words are a true and accurate portrayal of the prosecutor's position, the words do not comprise a threat. We see no impropriety in the Assistant United States Attorney's statement of the possible consequences of Seehausen's rejection of the proffered plea agreement. Those consequences consisted of additional indictments which the AUSA could properly have brought against Seehausen. Even assuming the communications were dressed in the dramatic adjectives that Seehausen recalls – "grueling" prosecutions and "mind boggling" sentences – they do not rise to the level of threats. In turn, counsel did not misstep by sharing the communication to his client. To the contrary, counsel fulfilled his obligation to convey pertinent information to his client.

Furthermore, Seehausen attested numerous times that he entered the superseding plea agreement freely and willingly. He stated before this Court that no one had threatened or forced him to plead guilty, and he signed a statement to that effect in his superseding plea agreement.

We find therefore that Seehausen's counsel did not perform deficiently. Accordingly, Seehausen has failed to state a claim of ineffective assistance of counsel.

2. Apprendi Claim

Seehausen also claims that his sentence was imposed unconstitutionally. He purports to find support for this claim from the recent decision of the United States Supreme Court in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).

Seehausen is procedurally barred from invoking Apprendi, however, because our circuit has held that Apprendi does not apply retroactively. See Talbott v. Indiana, 226 F.3d 866, 868 (holding that Apprendi does not apply retroactively unless and until the United States Supreme Court says it does). Seehausen entered his plea on June 21, 1999, and was sentenced on August 5, 1999. The United States Supreme Court did not grant certiorari in Apprendi until November 29, 1999, and the Court decided the case on June 26, 2000. Thus Seehausen could only benefit from Apprendi if it were applied retroactively which is presently forbidden in the Seventh Circuit.

Moreover, Seehausen's Apprendi claim fails because Apprendi does not apply to the case at bar. Apprendi holds that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 120 S.Ct. at 2363. The holding applies expressly to sentences that <u>exceed</u> the prescribed statutory maximum. Seehausen's sentence, however, did not exceed the statutory maximum. He pled guilty to two counts of mail and wire fraud, each of which carries a maximum penalty of five years of incarceration for a total of ten years or 120 months. This Court imposed a 71-month sentence on Seehausen which falls well within the maximum statutory penalty. Thus,

because the sentence did not exceed the prescribed statutory maximum, <u>Apprendi</u> does not govern the case at bar.

## CONCLUSION

For the foregoing reasons, we deny Seehausen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: December 8, 2000